JUSTICE KOONTZ,
concurring.
I concur with the holding of the majority in this case insofar as it determines that the trial court erroneously applied § 8.01-383.1(B) to *208 deny the plaintiff her right to a jury trial on the amount of her damages when she did not request or consent to additur.
However, in light of the well established principles of deference to the constitutionality of acts by the legislature acknowledged in the majority’s scholarly analysis, it is not necessary or warranted to hold that § 8.01-383.1(B), as written, violates the plaintiff’s right to a jury trial as guaranteed by the Constitution of Virginia. We have consistently held that “[i]f a statute can be made constitutionally definite [and, thus, not repugnant to some provision of the constitution] by a reasonable construction, the court is under a duty to give it that construction.” Pedersen v. City of Richmond, 219 Va. 1061, 1065, 254 S.E.2d 95, 98 (1979).
Applying these principles, this statute is not constitutionally infirm, in my view, because reasonably construed it is implicit within its framework that before the trial court may use additur to correct an inadequate verdict, rather than the award of a new trial, the plaintiff must have requested additur. Such a request is both a waiver of the plaintiff’s right to a new jury trial and consent to additur. In addition, such a request then permits the trial court, under the express terms of the statute, to put the defendant to the election of paying the additur or submitting to a new trial. In this way neither the plaintiff nor the defendant is denied the constitutionally guaranteed jury trial. In my view, this is also entirely consistent with an intent by the legislature to ensure that guarantee to both parties.
Code § 8.01-383.1(B) is not invoked, nor should it be construed, in a vacuum. It is clear that this statute is invoked only upon the plaintiff’s challenge to the adequacy of the verdict and upon the trial court’s finding that the verdict is inadequate as a matter of law. It strains reason and common sense to contemplate that a defendant would challenge the verdict as inadequate, and thus invoke the statute.
In this context, the relief sought by the plaintiff controls the dis-positional alternatives available to the trial court under the express terms of the statute. Moreover, these alternatives ensure the right to a jury trial to both parties. Thus, where the plaintiff seeks a new trial and does not consent thereafter to additur, the trial court is permitted only to award a new trial. In contrast, when the plaintiff requests additur, and thereby waives the right to a new jury trial, the trial court is permitted to require the defendant to pay additur or to submit to a new trial.
*209 In the present case, because the plaintiff did not request or consent to additur, but rather only requested a new trial, and the trial court found that the verdict was inadequate as a matter of law, I would hold that the trial court did not properly apply Code § 8.01-383.1(B), which as written is constitutionally sound, and would reverse and remand on that basis only.